

# WESTCHESTER COUNTY
## DEPARTMENT OF PUBLIC SAFETY
### SHERIFF'S CIVIL UNIT

MARTIN J. MCGLYNN
COMMISSIONER - SHERIFF

---

110 DR MARTIN LUTHER KING JR BLVD – ROOM L217 – WHITE PLAINS – NEW YORK – 10601

2/12/2018

Debtor:

BARBARA J. STINSON
1307 PARK ST
PEEKSKILL, NY 10566

Sheriff File: 18000589

DEMI, LLC -vs- BARBARA J. STINSON

Judgment amount          $8,900.00

| | |
|---|---:|
| Judgment Balance | $8,900.00 |
| Interest | $9,394.74 |
| Mileage, Levy and Filing Fees | $0.00 |
| Sheriff poundage and unpaid fees | $914.74 |
| TOTAL AMOUNT DUE TO DATE | $19,209.48 |

Interest and poundage will continue to accumulate on the principal balance at a rate of $2.19 per day.

Last payment received on  for $0.00.

We will send notification when the above execution has been paid in full. Thank you for your attention in this matter.

Sincerely,

CIVIL UNIT EXECUTION DEPARTMENT

cc: file

---

TELEPHONE: (914) 995-3053          FAX: (914) 995-4095          WEBSITE: WESTCHESTERGOV.COM/PS

 

# WESTCHESTER COUNTY
## DEPARTMENT OF PUBLIC SAFETY
### SHERIFF'S CIVIL UNIT

MARTIN J. MCGLYNN
COMMISSIONER- SHERIFF

110 DR MARTIN LUTHER KING JR BLVD – ROOM L217 – WHITE PLAINS – NEW YORK – 10601

RE: DEMI, LLC vs BARBARA J. STINSON
Sheriff File #: 18000589

SHERIFF'S INCOME EXECUTION INSTRUCTIONS TO JUDGMENT DEBTOR

**The enclosed is an Income Execution, which requires you to pay to the Westchester County Sheriff 10% of your gross wages. As per the law, you are being given an opportunity to voluntarily pay. You must do the following:**

1. Send a check, money order or certified check made payable to the **Sheriff of Westchester County** for **10%** of your gross wages (before taxes) weekly or twice monthly. Your first payment must be received by us within 20 days of the postmark date on the certified letter. You may also make additional payments at any time.

   **IF AT ANY TIME YOUR ACCOUNT REFLECTS NO REMITTANCE FOR A PERIOD OF (20) TWENTY DAYS OR MORE, THE EXECUTION WILL BE FILED WITH YOUR EMPLOYER.**

2. You will **not** be notified in advance if the income execution is forwarded to your employer for payroll deductions. You are responsible for timely, accurate payments. Payments returned for insufficient funds are considered a default in payments and a $20.00 fee will be charged.

3. **Write your Sheriffs' file number 18000589 and debtor name BARBARA J. STINSON on all remittance.**

4. Send your payment to:
   Westchester County Sheriff's Office
   110 Dr. Martin Luther King Jr., Blvd. - Room L217
   White Plains, New York 10601
   ATTENTION: Income Execution

5. **Do not accept instructions from anyone but the Westchester County Sheriff's Department.** Once the income execution is filed, the Sheriff is the only party mandated to enforce payment and is the only party authorized to release the execution.

NOTE: If you have multiple cases in our office, all payments will be applied to the first priority case.

Payments may also be made at our office during normal business hours, Monday through Friday, 9:00 a.m. to 5:00 p.m. except holidays.
To pay by credit card log on www.GovPayNow.com or call 1-(888) 604-7888 and use the Pay Location Code (PLC) # 7554.

---

TELEPHONE: (914) 995-3053      FAX: (914) 995-4095      WEBSITE: WESTCHESTERGOV.COM/PS

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK                                         Index No. 62732-05

DEMI, LLC          Plaintiff,                              **Income Execution**

                                                           The People of the State of New York
BARBARA J STINSON      Defendant,                          TO THE ENFORCEMENT OFFICER, GREETINGS:
1307 PARK ST                                               *The Enforcement officer is the Sheriff, Marshall of the City or Constable of*
PEEKSKILL, NY 10566-4011                                   *the Town or Village authorized by law to enforce income execution.*
SSN: XXX-XX7385      A judgment was entered in the within court in
favor of the Judgment Creditor(s) and the particulars are as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | **Plus interest from |
|---|---|---|---|---|
| CIVIL COURT OF THE CITY OF NEW YORK, NEW YORK COUNTY | 5/26/2006 | $8,900.00 | $8,900.00** | 5/26/2006 |

This judgment was transcribed with the county clerk on: 10/12/2017

The judgment was recovered against Defendant(s) entered in the CIVIL COURT OF THE CITY OF NEW YORK NEW YORK COUNTY on 5/26/2006. This execution is issued against BARBARA J STINSON whose last known address is 1307 PARK ST, PEEKSKILL, NY, 10566-4011 whose social security number is XXX-X[    ] and who is receiving or will receive thirty (30) times the greater of the current federal minimum wage or the current New York State minimum wage as set forth in the annexed schedule for each weekly pay period from the Employer. "Employer", herein, includes any payer of money to Judgment Debtor. The Employer's name and address:

MARYKNOLL FATHERS AND BROTHERS
55 RYDER RD
OSSINING, NY 10562
914-941-7636

    ATTENTION: PAYROLL / PAYROLL MANAGER

    <u>GARNISHMENT ADDRESS (IF APPLICABLE):</u>
    MARYKNOLL FATHERS AND BROTHERS
    55 RYDER RD
    OSSINING, NY 10562

NOW, THEREFORE, WE COMMAND AND DIRECT you to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to NY CPLR § 5231.
**Directions to Judgment Debtor:** You are notified and commanded to immediately start paying to the Enforcement officer serving a copy of this Income Execution to you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, set forth below) of any and all salary, wages or other income, including any and all overtime earning, commissions or other irregular compensation received or hereafter to be received from your Employer (the Garnishee above named) and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

**Direction to the Employer/Garnishee Above Names:** You are commanded to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, set forth below) of any and all salary, wages or other income, including any and all overtime earning, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied. If the Defendant is compensated weekly, please pay the installments weekly. If the Defendant is compensated bi-weekly, please pay the installments bi-weekly. If the Defendant is compensated any other way, please pay the installments bi-weekly.

Dated: February 1, 2018

                        ó Todd E. Houslanger, Esq.
                        □ Bryan C. Bryks, Esq.
                        Attorneys at Law
                        Houslanger & Associates, PLLC
                        PO Box 742   Katonah, NY 10536   Our File #: 27829
                        (914) 666-8100   FAX (914) 232-8101

*[Stamp: SHERIFF'S OFFICE WESTCHESTER COUNTY, 2018 FEB -8 P 2:51]*

## IMPORTANT STATEMENT

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 15 United States Code § 1671 et seq.

### I. Limitations on the amount that can be withheld:

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. No deduction can be made from the judgment debtor's earnings under this income execution if a judgment debtor's weekly disposable earnings are less than the greater of thirty (30) times the current federal minimum wage ($7.25 per hour or $217.50) or the New York State minimum wage set forth in the annexed schedule.

C. A judgment debtor's weekly disposable earnings under this income execution cannot be reduced below the amount arrived at by multiplying thirty (30) times the greater of the current federal minimum wage ($7.25 per hour or $217.50) or the New York State minimum wage set forth in the annexed schedule.

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings under this execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

### II. Explanation of Limitations: Definitions:

**Disposable Earnings**: Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security, and unemployment insurance, but not deductions for union dues, insurance plans, etc).

**Gross income**: Gross income is salary, wage or other income, including any and all overtime earnings, commissions and income from trusts, before any deductions are made from such income.

### Illustrations Regarding Earnings

| If disposable earnings is: | Amount to pay or deduction from earnings under this income execution is: |
|---|---|
| a) 30 times the greater of the federal minimum wage ($7.25 per hour or $217.50) or the New York State minimum wage set forth in the annexed schedule or less. | No payment or deduction allowed. |
| b) more than 30 times the greater of the federal minimum wage ($7.25 per hour or $217.50) or the New York State minimum wage set forth in the annexed schedule. | The lesser of: the excess over the greater of 30 times the federal minimum wage ($7.25 per hour or $217.50) or the New York State minimum wage set forth in the annexed schedule, or 10% of gross earning. |
| c) 40 times the greater of the federal minimum wage ($7.25 per hour or $290) **or the** New York State minimum wage set forth in the annexed schedule. | The lesser of: 25% of disposable earnings or 10% of gross earnings |

### III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR § 5231(i) and CPLR § 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOUR QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

**CPLR §5231(i) Modification:** At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

**CPLR §5240 Modification or protective order: supervision of enforcement:** At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

**TAKE NOTICE** that pursuant to CPLR 5205(l)(1), $2,750 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $2,750 in such an account.

**TAKE NOTICE** that pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in Labor Law Section 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

| MINIMUM WAGE SCHEDULE (eff. 12/31/2017) | | | | |
|---|---|---|---|---|
| TYPE | LOCATION | HOURLY WAGE | HOURLY WAGE X 30 | HOURLY WAGE X 40 |
| FAST FOOD WORKERS AND WORKERS FOR NYS | NEW YORK CITY | $13.50 | $405.00 | $540.00 |
| FAST FOOD WORKERS AND WORKERS FOR NYS | REST OF STATE | $11.75 | $352.50 | $470.00 |
| SUNY WORKERS | NEW YORK STATE | $13.50 | $405.00 | $540.00 |
| WORKERS IN ALL OTHER INDUSTRIES (10 EMPLOYEES OR LESS) | NEW YORK CITY | $12.00 | $360.00 | $480.00 |
| WORKERS IN ALL OTHER INDUSTRIES (11 EMPLOYEES OR MORE) | NEW YORK CITY | $13.00 | $390.00 | $520.00 |
| WORKERS IN ALL OTHER INDUSTRIES | NASSAU, SUFFOLK AND WESTCHESTER | $11.00 | $330.00 | $440.00 |
| WORKERS IN ALL OTHER INDUSTRIES | REST OF STATE | $10.40 | $312.00 | $416.00 |

(Rev. 11/14/17 H&A IE)

## Return (for Sheriff's or Marshal's use only)

☐ Fully satisfied _____ 20_____   ☐ Unsatisfied

☐ Partially satisfied _____ 20_____   $_____


☐ Because I was unable to find the Garnishee (the Employer) within my jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on_____ 20_____


Date and time received: _____   Marshal, City of _____

                                                           Sheriff, County of_____

                                                           Constable of the Town / Village of_____


**This correspondence is from a debt collector. Any information obtained will be used to collect a debt.**