UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BARBARA STINSON,

                        Plaintiff,                    Civil Action No.
                                                                  1:18-cv-11350(JPO)(OTW)

        -against-

HOUSLANGER & ASSOCIATES, PLLC,
TODD HOUSLANGER,
DEMI, LLC d/b/a DEMI OF NEW YORK,
MATTHEW BLAKE,
BRYAN C. BRYKS, and
HARRY TORRES

                        Defendants.
-------------------------------------------------------------------x

## DECLARATION OF TODD E. HOUSLANGER IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

TODD E. HOUSLANGER, ESQ., declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney admitted to practice in the State of New York and before the United States District Court for the Southern District of New York.

2.      I am a member of the law firm Houslanger & Associates, PLLC, attorneys for defendants Demi, LLC d/b/a Demi of New York (herein after referred to as "DEMI").

3.      I am fully familiar with the facts, pleadings, and prior proceedings in this action. I respectfully submit this declaration in furtherance of DEMI's Motion to Join and in support of the Houslanger Defendants' Motion for Judgment on the Pleadings (ECF 122).

4.      In the interest of judicial economy, defendant DEMI incorporates by reference, as if fully restated herein, the documents submitted in support of the Motion for Judgment on the Pleadings dated November 26, 2019, (ECF 122) including the Declaration of Robert J. Bergson,

Esq., counsel for the Houslanger Defendants and the memorandum of law in support thereof. (ECF 123)

5. DEMI's role as alleged in this litigation (complaint at ¶ 12,16, and 19) is limited to theoretical vicarious liability for the conduct of co-defendants. The same arguments set forth in the Houslanger Defendants Motion for Judgment on the Pleading's (ECF 122) apply to DEMI and DEMI relies on and adopts same.

6. DEMI was at all times and remains a passive debt buyer whose limited action was to purchase charged off debt and place it with a third-party law firm to collect upon. DEMI took no action on its own.

7. DEMI did not draft the proposed Stipulation of Settlement with mutual releases nor did DEMI take any steps to execute upon the Judgment. DEMI is not a debt collector.

8. The complaint alleges that DEMI is a debt collector by simply reciting the elements set for in § 1692a (6). (complaint ¶ 12.) DEMI denies that it is a debt collector (see DEMI's Answer ¶ 12) and asserts that it is a passive debt buyer that forwards its accounts to third parties for collection. At least with respect to this case, there is no dispute that DEMI is not a debt collector, because in the state court action, DEMI was collecting a debt in its own name as the creditor. Under recent United States Supreme Court precedent, this fact is dispositive. In <u>Henson v. Santander Consumer USA Inc.</u>, 137 S. Ct. 1718, 1721-22 (2017), the Court held that a debt purchaser "may indeed collect debts for its own account without triggering" the FDCPA. As a result, DEMI must be dismissed from the case. [See also <u>Heroux v. Callidus Portfolio Mgmt.</u>, May 1, 2018, 2018 U.S. Dist. LEXIS 72757 (USDC for District of Minnesota)].

WHEREFORE, for the reasons set forth herein and in the Houslanger Defendant's Motion for Judgment on the Pleadings (ECF 122), and the accompanying Memorandum of Law dated November 26, 2019, (ECF 123), DEMI's motion to Join in the Houslanger Defendants' Motion for Judgment on the Pleadings (ECF 123) should be granted in its entirety and the matter dismissed against DEMI with prejudice.

Dated: November 26, 2019
New York, New York

                                              //s// *Todd E. Houslanger*
                                                Todd E. Houslanger