

# ABRAMS GARFINKEL MARGOLIS BERGSON, LLP

1430 Broadway • 17th Floor • New York, NY 10018 • P: 212-201-1170 • F: 212-201-1171 • www.agmblaw.com

February 26, 2020

**VIA ECF**
Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

Re: <u>Stinson v. Houslanger & Assoc., PLLC, et al.</u>, No. 1:18-cv-11350(JPO)(OTW)

Dear Magistrate Judge Wang:

We represent the defendants Houslanger & Associates, PLLC (the "Houslanger Firm"), Todd Houslanger, Matthew Blake and Bryan C. Bryks (collectively, the "Houslanger Defendants"). Pursuant to the Court's Individual Practices, Rule II.b, and the Protective Order and Confidentiality Agreement, ¶8(b) (the "Protective Order"), the Houslanger Defendants respectfully request that the Court deem confidential the documents produced as confidential by the Houslanger Defendants, which are Bates-stamped H&A000218-227 (the "Documents").[1]

Pursuant to paragraph 8(a) of the Protective Order: (1) Plaintiff objected to the Houslanger Defendants' confidentiality designation of the Documents, (2) the Houslanger Defendants timely responded in writing to said objection stating the grounds for asserting confidentiality, and (3) the parties met and conferred regarding the confidentiality designation but were unable to resolve their dispute. (*See* letters annexed hereto). Accordingly, pursuant to paragraph 8(b) of the Protective Order, the Houslanger Defendants respectfully request that the Documents be deemed confidential under paragraph 1(a) of the Protective Order.

The Protective Order provides, in pertinent part, that a party may designate as confidential any documents that "contain[ ] sensitive commercial data, including but not limited to, trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information." *See* Protective Order at ¶1(a).

---

[1] Upon the Court's request, the Houslanger Defendants will promptly supply copies of the Documents.

Hon. Ona T. Wang  Page 2
February 26, 2020

The following non-exhaustive list of factors are relevant to determining whether materials warrant protection under a protective/confidentiality order: "(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors." *See Houbigant, Inc. v. Dev. Specialists, Inc.*, 01-CV-7388(LTS)(GWG), 2003 U.S. Dist. LEXIS 12371, at *6 (S.D.N.Y. July 21, 2003) (granting motion to treat documents confidential under existing confidentiality order). "[C]ourts 'grant confidential treatment under circumstances where[, as here,] material that would place a party at a competitive disadvantage [is] being used in public filings.'" *UNI-Systems, LLC v. United States Tennis Assoc., Inc.*, 17-CV-147(KAM)(CLP), 2019 U.S. Dist. LEXIS 133717, at *11 (S.D.N.Y. Aug. 8, 2019) (quoting *New York v. Actavis*, 14-CV-7473, 2014 U.S. Dist. LEXIS 149327 (S.D.N.Y. Oct. 21, 2014)). "Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing." *Id*. (granting motion to seal documents because they "could offer unfair economic advantage if provided to competitors").

The Documents qualify as confidential under paragraph 1(a) of the Protective Order and law because they are private and not publicly available, and because they contain sensitive commercial data, including competitively sensitive technical, strategic and other confidential business information.  Thus, for the following reasons, the Houslanger Firm has an extremely high proprietary and competitive interest in maintaining the confidentiality of the Documents' contents.

The Documents describe the Houslanger Firm's unique procedures and strategies that are integral to its debt collection practice, and that were developed and implemented internally by the Houslanger Firm over the course of years, and thus are proprietary.  The Documents inform and guide Houslanger Firm employees and personnel on handling and processing the collection of debts and enforcement of judgments, including navigating court systems, providing notice to and interacting with judgment debtors, locating assets, resolving judgments and outstanding debts, handling garnishments and bank account restraints, handling satisfactions of judgments, verifying and updating the status of judgments, and steps to ensure compliance with applicable laws, rules and regulations.

The Documents contain sensitive commercial information regarding the foregoing subjects, the disclosure of which would harm the Houslanger Firm.  The manner by which the Houslanger Firm employs its unique procedures and strategies to locate assets and effectuate property and income executions is critical to the economic viability of the Houslanger Firm.  These procedures and strategies have given the Houslanger Firm a competitive advantage in the debt collection marketplace, particularly with respect to certain categories of judgments that are uncollectible for the Houslanger Firm's competitors.  Disclosure of this information

Hon. Ona T. Wang                                                                                                    Page 3
February 26, 2020

would expose the Houslanger Firm to the significant risk of losing its competitive advantage by allowing competitors to learn the Houslanger Firm's unique procedures and strategies with respect to debt collection and enforcement of judgments.

Furthermore, the Houslanger Firm maintains the confidentiality of the Documents by requiring employees to return the Documents upon leaving the Houslanger Firm and sign a confidentiality agreement covering the type of information contained in the Documents.

The Documents are confidential for the additional reason that they help the Houslanger Firm attract and retain high quality employees, whose experience and expertise in the debt collection industry give the Houslanger Firm a competitive advantage.

Finally, during the parties' meet and confer process on this issue, Plaintiff never presented any valid reason demonstrating why the Documents should not be treated as confidential, other than to state as much in conclusory fashion.  Instead, Plaintiff complains that she will be "prejudiced" by not being able to use the Documents in support of a putative motion for summary judgment.  However, the Protective Order provides that confidential documents "may be used by the receiving party (here, Plaintiff) in support of or in opposition to any motion filed in this action . . . and must be filed under seal with the Court."  *See* Protective Order at ¶3.  Thus, the confidentiality designation does not in any way prevent Plaintiff from using the Documents in connection with a motion, so long as Plaintiff follows the Court's procedure.  Indeed, by signing the Protective Order, Plaintiff herself agreed to this procedure.

For these reasons, the Houslanger Defendants have established good cause to designate the Documents confidential.  Accordingly, the Houslanger Defendants respectfully request that the Court issue an order deeming the Documents confidential pursuant to paragraph 1(a) of the Protective Order.

                          Respectfully submitted,
                          /s
                          Andrew W. Gefell

cc:    All counsel of record (by ECF)