**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
:
BARBARA STINSON,                              :
:
       Plaintiff,                                  :    No. 18-CV-11350 (JPO) (OTW)
:
    -against-                                       :    <u>**DISCOVERY ORDER**</u>
:
HOUSLANGER & ASSOCIATES, et al.,              :
:
       Defendants,                                 :
:
-----------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed the letter motions of Defendants DEMI, LLC d/b/a DEMI OF NEW YORK ("Demi") (ECF 136) and Houslanger & Associates, PPC ("Houslanger PPC"), Todd Houslanger, Matthew Blake, and Bryan Bryks (collectively, the "Houslanger Defendants") (ECF 137) asking the Court for a discovery conference to address the confidentiality designation of certain documents. The Court also reviewed the Plaintiff's opposition (ECF 141) and the documents Defendants submitted, on March 24, 2020 for *in camera* review. Defendants' requests for a protective order are generally granted as described below. Demi shall additionally produce DEMI 000017-42 to Plaintiff without redactions **within fourteen (14) days of this Order**. For the reasons stated below, the request for a conference is **DENIED as moot**.

    **I.**   <u>**Background**</u>

The Court has been asked to resolve on multiple occasions various discovery disputes between the parties that should not have required Court intervention. *See, e.g.*, ECF 66, 99,

1

104[1]. The instant motion arises from a dispute over certain documents, DEMI 000017-42, produced by Demi, and H&A 000218-227, produced by the Houslanger Defendants, which Defendants designated confidential pursuant to the July 19, 2019 Agreed to Protective Order and Confidentiality Agreement (the "Protective Order", ECF 75). The Protective Order provides that "[a]ny party . . . shall have the right to designate as 'Confidential' any information, document or thing, or portion of any document of thing 'Confidential': (a) that contains sensitive commercial data, including but not limited to, trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information." *Id.* at 1.

The Demi documents consist of a June 2005 Purchase and Sale Agreement (the "P&S", DEMI 000017-35), and an April 2005 Servicing Agreement between Demi and its third-party debt servicer (the "Servicing Agreement", DEMI 000036-42). *See* DEMI 000017-42 (together, the "Demi Documents"). Ms. Stinson's debt was purchased by Demi as part of a portfolio or pool of debt in the P&S. The Houslanger documents consist of Houslanger PPC's documented internal work procedures. *See* H&A 000218-227 (the "Houslanger Documents").

## II. Applicable Law

Fed. R. Civ. P. 26(c) provides, "[u]pon motion by a party or the person from whom discovery is sought . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A party seeking a protective order

---

[1] Plaintiff argues that the Court already decided confidentiality issues in her favor. (ECF 141 at 1 (citing ECF 104)). That characterization is erroneous; ECF 104 is irrelevant to this motion. ECF 104 relates to a motion to seal, which uses a different standard from the instant motion. In any event, even if the prior motion were comparable, past success is no guarantee of future performance.

bears the burden of showing that the information it seeks to protect is confidential and that good cause exists for the issuance of the protective order. *See Schiller v. City of New York*, 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007); *Houbigant, Inc v. Development Specialists, Inc.*, 2003 WL 21688243, at *2 (S.D.N.Y. July 21, 2003) (citing *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y.)). The moving party must establish that good cause exists by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Application of Akron Beacon Journal*, 1995 WL 236710, at *10 (S.D.N.Y. Apr. 20, 1995) (quotation marks and citations omitted). When deciding a motion for a protective order, the factors the court should consider include: "'(1) the extent to which information is known outside the business; (2) the extent to which information is known to those inside the business; (3) the measures taken to guard the secrecy of the information; and (4) the value of the information to the business and its competitors.'" *Houbigant, Inc.*, 2003 WL 21688243, at *2 (quoting *Bank of New York*, 171 F.R.D. at 144).

### III. Discussion

#### A. Demi Documents

##### i. Confidentiality

###### a. Plaintiff appears to be conflating confidentiality with privilege

Plaintiff's primary reason for challenging the confidentiality designation of the documents – that she would be prejudiced from using confidential documents in a motion for summary judgment – is nonsensical. This motion is not a prudent use of judicial or litigant resources. The Protective Order specifies any party may use confidential documents in any

3

motion. If any party uses confidential documents in a motion, the Parties are reminded to follow the Court's procedures regarding sealing, and the Court will then make a determination whether or not the documents should remain under seal. *See* Individual Practices, Section IV. Plaintiff's other arguments, that because the documents are "crucial" and/or "directly applicable" to her case, they should not be designated confidential, is also without merit. (ECF 141 at 2-3), and Plaintiff cites no authority to support that proposition.

Turning to Demi's arguments, it has shown good cause to continue its confidentiality designation for the Demi Documents, DEMI 000017-42. *See Houbigant, Inc.*, 2003 WL 21688243 at *2 (listing factors for determining good cause).

### b. Extent to which information is known inside and outside the business

According to Demi, the P&S and Servicing Agreement at their inception were deemed confidential to the signing parties, which included third-parties, and include terms specific to those agreements. *Id.* at 2. Demi did not state the extent to which the information in the Demi Documents is known within Demi. Nonetheless, Demi has shown that the Demi Documents were not likely to be known outside the business.

### c. Measures to guard the secrecy of the information

The P&S contains a confidentiality clause and a clause forbidding public "announcement" of the P&S and its contents. *See* DEMI 000027-28 (Section 11.1 and 11.2). The Servicing Agreement on the first page states, "*This document is confidential. It is not for re-distribution.*" (emphasis in original). Both documents on their face limit dissemination.

Plaintiff argues that Demi "waived" the Servicing Agreement's confidentiality because defendant Blake testified at his November 2019 deposition to the Servicing Agreement and

4

Demi did not designate any part of the deposition confidential.[2] Demi could have designated portions of the Blake deposition transcript confidential. (*See* ECF 141-4, Blake Dep. Tr. 232:20-244:17).[3] However, this by itself is not enough to waive the Servicing Agreement's confidentiality designation: discovery has been ongoing since March 2019 (ECF 50) and the Protective Order has been in place since July 2019. Plaintiff brings her confidentiality challenge at the eleventh-hour because she "wishes to proceed to a Motion for Summary Judgment as soon as practicable." (ECF 141 at 2). If Plaintiff had valid grounds to challenge confidentiality (and wishing to proceed on a motion for summary judgment is not one), she should have done so earlier in the proceedings.

### d. Value of the information to the business and its competitors

Demi also states that the Servicing Agreement "contains proprietary information . . . . which if released to the public domain would create the potential for unfair bargaining disparity against [servicers] in the collection business community." *Id.* The Demi documents could also have an impact on Demi's competitive advantage, although the Court notes that these agreements are fifteen years old and various parties to the agreement have ceased to exist, which mitigates the negative impact disclosure of these documents could cause. However, at this stage, the Court will not challenge Demi's assertion that these documents could damage its competitive position(s).

---

[2] The Protective Order contemplates and grants additional time for confidentiality designations to deposition transcripts: "[w]ith respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated confidential." ¶ 6.

[3] A review of the challenged portions of the deposition transcript shows that Blake testified at a high level regarding the document, which may not have required a confidentiality designation. (*See* ECF 141-4, Blake Dep. Tr. 232:20-244:17)*.*

5

### ii.     Redactions

Demi has made several redactions for which it has not articulated any basis. Demi's redactions include third-party information and entire paragraphs. *See, e.g.*, DEMI 000040. These redactions are improper. *See John Wiley & Sons, Inc. v. Book Dog Book, LLC*, 298 F.R.D. 184, 185-56 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege." (citing *In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009)). If Demi is concerned about information of third parties, the Protective Order already contemplates protections for documents designated confidential; Plaintiff can use the information in the documents "solely for the purposes of the prosecution or defense of action." Protective Order ¶ 3. Additionally, Plaintiff is not a competitor to Demi that would gain some competitive advantage from seeing the terms of the agreements. Accordingly, Demi is directed to produce the Demi Documents without redactions.[4]

### B.     **Houslanger Documents**

The Houslanger Documents are also properly designated confidential. Plaintiff repeats the arguments that these documents are necessary for her summary judgment motion. (ECF 141-2). As discussed, *see supra*, nothing in the Protective Order or the documents' confidentiality designation precludes their use in this litigation.

---

[4] If Demi has made other non-privilege redactions, it should reconsider those redactions as well. The Court strongly encourages the Parties to resolve any issues stemming from this on their own through the meet and confer process. The parties are warned that the Court may apportion costs for any motion regarding redactions. *See* Federal Rules of Civil Procedure 16 and 37(a)(5)(A)-(C) and/or the Court's inherent authority.

The *Houbigant* factors all support a confidentiality designation for the Houslanger Documents as well. *See Houbigant, Inc.*, 2003 WL 21688243, at *2. The Houslanger Defendants note that employees sign a confidentiality agreement covering the type of information in the Houslanger Documents, and employees required to return the Houslanger Documents upon leaving the firm. (ECF 137 at 3). Houslanger PPC also has taken measures to protect the Houslanger Documents' confidentiality. The Houslanger Documents are the business' procedures and strategies for its debt collection practice, making such information valuable to Houslanger PPC and potentially competitors in the debt collection space. (*Id.* at 2). These "unique procedures and strategies to locate assets and effectuate property" is "critical to the economic viability of" Houslanger PPC. (*Id.*) According to the Houslanger Defendants, disclosure of the Houslanger Documents would weaken its competitive advantage.

IV. <u>Conclusion</u>

For the foregoing reasons, Defendants' motions for a discovery conference (ECF 136 and 137) are **DENIED as moot**. Defendants have shown good cause to continue the confidentiality designation for DEMI 000017-42 and H&A 000218-227. Demi is directed to produce to Plaintiff DEMI 000017-42 without redactions within **fourteen (14) days of this Order**.

But for Demi's improper redactions, the Court would have allowed a motion from Defendants seeking costs from Plaintiff. Although the parties shall each bear their own costs this time, the parties are warned again that failure to cooperate in future discovery or filing further frivolous discovery motions may result in the apportioning of costs under Federal Rules of Civil Procedure 16 and 37(a)(5)(A)-(C) and/or the Court's inherent authority.

The Clerk of Court is directed to close ECF 136 and 137.

**SO ORDERED.**

                                                                                                 *s/ Ona T. Wang*

Dated: April 23, 2020                                                      **Ona T. Wang**
       New York, New York                             United States Magistrate Judge