UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BARBARA STINSON,

                         Plaintiff,                 Civil Action No.

          -against-                     1:18-cv-11350(JPO)(OTW)

HOUSLANGER & ASSOCIATES, PLLC,
TODD HOUSLANGER,
DEMI, LLC d/b/a DEMI OF NEW YORK,
MATTHEW BLAKE,
BRYAN C. BRYKS, and
HARRY TORRES

                          Defendants.
-------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE HOUSLANGER**
**DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**


ABRAMS GARFINKEL MARGOLIS BERGSON, LLP
1430 Broadway, 17th Floor
New York, New York 10018
(212) 201-1170
*Attorneys for Defendants*
*Houslanger and Associates, PLLC, Todd E. Houslanger,*
*Matthew Blake and Bryan C. Bryks*

**Table of Contents**

Table of Authorities ............................................................................................................ii

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.      THE GAPING EVIDENTIARY HOLES IN PLAINTIFF'S CASE PREVENT
        PLAINTIFF FROM RAISING A TRIABLE ISSUE OF FACT AND ENTITLE
        DEFENDANTS TO SUMMARY JUDGMENT AS A MATTER OF LAW ................... 2

II.     PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THE
        COMPLAINT IS TIME-BARRED ...................................................................................... 5

III.    PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THE
        HOUSLANGER FIRM DID NOT PROLONG ADJUDICATION OF PLAINTIFF'S
        MOTION TO VACATE THE DEFAULT JUDGMENT ..................................................... 7

IV.     PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT USE
        OF THE STIPULATION DOES NOT VIOLATE SECTION 1692F ............................. 11

V.      PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THE
        FIRST OSC OPP. DID NOT VIOLATE THE FDCPA ....................................................... 13

VI.     PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING OF
        ENTITLEMENT TO DISMISSAL OF THE SECTION 349 CLAIM ............................ 16

VII.    PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING OF
        ENTITLEMENT TO DISMISSAL OF THE SECTION 487 CLAIM ............................ 17

VIII.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT
        PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES ...................................... 18

IX.     PLAINTIFF FAILS TO OVERCOME DEMI'S SHOWING OF ENTITLEMENT
        TO SUMMARY JUDGMENT ........................................................................................... 19

CONCLUSION .................................................................................................................. 20

**Table of Authorities**

**Cases**                                                                                     **Page(s)**

*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*,
   875 F.3d 128 (2d Cir. 2017)..............................................................................10

*Baltazar v. Houslanger & Assocs., PLLC*,
   16-CV-4982, 2018 U.S. Dist. LEXIS 139375 (E.D.N.Y. Aug. 16, 2018)....................15

*Bernstein v. Vil. of Wesley Hills*,
   95 F. Supp.3d 547 (S.D.N.Y. 2015)....................................................................4

*Bradley v. Selip & Stylianou, LLP*,
   17-CV-6224, 2018 U.S. Dist. LEXIS 176768 (W.D.N.Y. Oct. 15, 2018) ..................13

*Currier v. First Resolution Inv. Corp.*,
   762 F.3d 529 (6th Cir. 2014) ............................................................................11

*De La Cruz v. Fin. Recovery Servs.*,
   17-CV-9931, 2019 U.S. Dist. LEXIS 55898 (S.D.N.Y. Mar. 28, 2019) ................12, 13

*Diaz v. Portfolio Recovery Assocs., LLC*,
   10-CV-3920, 2012 U.S. Dist. LEXIS 72724 (E.D.N.Y. May 23, 2012) ......................17

*Ellul v. Congregation of Christian Bros.*,
   774 F.3d 791 (2d Cir. 1999)..............................................................................7

*Foti v. NCO Fin. Sys., Inc.*,
   424 F. Supp. 2d 643 (S.D.N.Y. 2006)................................................................13

*Gabriele v. Am. Home Mortg. Servicing*,
   503 Fed. Appx. 89 (2d Cir. 2012) ....................................................................14

*Hemmingsen v. Messerli & Kramer, P.A.*,
   674 F.3d 814 (6th Cir. 2012) ............................................................................11

*Kelsey v. Forster & Garbus, LLP*,
   353 F. Supp.3d 223 (W.D.N.Y. 2019)................................................................14

*Koch v. Greenberg*,
   14 F. Supp.3d 247 (S.D.N.Y. 2014)....................................................................18

*Lautman v. 2800 Coyle St. Owners Corp.*,
   14-CV-1868, 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y. Sept. 26, 2014) .............14, 15

*Mayfield v. Asta Funding, Inc.*,
    95 F. Supp.3d 685 (E.D.N.Y. 2015), ..............................................................17

*Musah v. Houslanger & Assocs., PLLC*,
    962 F. Supp.2d 636 (S.D.N.Y. 2013)..............................................................15

*Page v.Foster & Garbus*, LLP,
    18-CV-3611, 2019 U.S. Dist. LEXIS 101832 (E.D.N.Y. June 17, 2019) ....................20

*Rosenberg v. Client Servs.*,
    19-CV-6181, 2020 U.S. Dist. LEXIS 91432 (S.D.N.Y. May 26, 2020) ......................12

*Sheehy v. New Century Mtge. Corp.*,
    690 F. Supp.2d 51 (E.D.N.Y. 2010) ..............................................................17

*Sykes v. Mel Harris & Assocs., LLC*,
    757 F. Supp.2d 413 (S.D.N.Y. 2010)..............................................................17

Defendants respectfully submit this reply memorandum of law in further support of their motion for summary judgment.[1]

## PRELIMINARY STATEMENT

Plaintiff's re-hash of the same flawed arguments that we previously demonstrated are without merit fails to raise an issue of fact and overcome Defendants' *prima facie* showing of entitlement to judgment as a matter of law.  Now that the fog of confusion created by Plaintiff's blunderbuss moving papers has cleared, it is readily apparent that straight-forward legal principles, applied to the undisputed facts presented on this record, entitle Defendants to summary judgment.

Plaintiff's claims are heavily dependent upon unsupported allegations of a widespread "sewer-service" conspiracy, carried out through Defendants' so-called "practices" displayed in other cases.  However, there is no competent evidence to support these allegations, which means that the vast majority of the Complaint has no legs to stand on.  Stripped of hyperbole and disregarding Plaintiff's incompetent evidence concerning non-adjudicated allegations cherry-picked from other unrelated cases, the material evidence relating to the facts giving rise to the claims and defenses of *this case* demonstrates that Defendants did not violate the FDCPA, Section 349 or Section 487, and the Opp. MOL offers nothing of substance to rebut Defendants' dispositive arguments based on settled law and the undisputed evidence.

The statute of limitations bars Plaintiff's long-expired claims based on acts that occurred back in 2005-2006 when the Houslanger Firm obtained the Default Judgment.  As a matter of law, these claims cannot be revived by actions in 2018 that were made in furtherance of untimely acts from 2006.  In Plaintiff's words, the "purpose" of Defendants' conduct in 2018 was to

---

[1] Capitalized terms herein are defined in the Memorandum of Law in Support of Defendants' Cross-Motion for Summary Judgment, dated January 21, 2021 (the "Moving MOL") [Docket Entry 177].  Plaintiff's Memorandum of Law in Opposition, dated February 18, 2021, shall be referred to as the "Opp. MOL" [Docket Entry 181].

"*retain*" and "*ratify*," and "*continue*[ ] to collect on," the entered Default Judgment that was obtained in 2006.  (*See* Opp. MOL at 12, 16, 17, 19 (emphasis added)).  Plaintiff does not even attempt to rebut Defendants' dispositive statute of limitations argument on the merits, which is telling.  Likewise, Plaintiff fails to come forward with any competent evidence or applicable cases to support her equitable tolling argument.  No matter how many times Plaintiff repeats it throughout her motion papers, describing the affidavit of service as a "self-concealing falsehood" is no substitute for producing evidence to establish equitable tolling.

Even assuming, *arguendo*, that Defendants' 2018 acts could be construed as giving rise to new and independent FDCPA, Section 349 or Section 487 violations, the undisputed evidence concerning the unremarkable events underlying this action, which occurred during a brief three-month period, proves that Defendants did not violate these laws in connection with responding to Plaintiff's motion to vacate the Default Judgment.

For these reasons, which are discussed in greater detail below, the Court should grant Defendants' motion for summary judgment in its entirety.

## ARGUMENT

I.   **THE GAPING EVIDENTIARY HOLES IN PLAINTIFF'S CASE PREVENT PLAINTIFF FROM RAISING A TRIABLE ISSUE OF FACT AND ENTITLE DEFENDANTS TO SUMMARY JUDGMENT AS A MATTER OF LAW**

As a threshold matter, Plaintiff argues that the Houslanger Decl. and Bryks Decl. are "self-serving," and "contradict" Mr. Houslanger's deposition testimony.  (*See* Opp. MOL at 5-6).  However, it is beyond peradventure that the declarations, which state sworn testimony based on personal knowledge and undisputed documentary evidence, are competent evidence sufficient to support summary judgment.  Indeed, by this action, Plaintiff challenges Messrs. Houslanger's and Bryks' conduct in the Underlying Action, and makes sweeping allegations about the Houslanger Firm's so-called "practices."   Having placed at issue the conduct of Messrs.

2

Houslanger and Bryks, and the Houslanger Firm, Messrs. Houslanger and Bryks' personal knowledge is evidence, if not the best evidence, regarding these subjects.  The argument that the declarations are "self-serving" fails to raise an issue of fact because it has no bearing on the probative value of the declarations.

Furthermore, there is nothing in the paragraphs of Defendants' Rule 56.1 Counterstatement identified by Plaintiff that support Plaintiff's argument that Mr. Houslanger's deposition testimony is contradicted by the Houslanger Decl. and Bryks Decl.  Tellingly absent from Plaintiff's argument is any explanation as to *how* the declarations and deposition testimony are inconsistent.   Just because Defendants do not adopt Plaintiff's grossly disingenuous mischaracterizations of the evidence that pervade Plaintiff's ridiculously voluminous 354-paragraph, 59-page Rule 56.1 Statement,[2] does not mean, in any way, that the declarations and deposition testimony are inconsistent.

For these reasons, there is no merit to Plaintiff's arguments challenging the sworn testimony submitted in support of Defendants' *prima facie* case for summary judgment.

In addition, Plaintiff fails to meet her burden to raise an issue of fact because there is not a shred of competent evidence to support Plaintiff's sweeping allegations of the Houslanger Firm's so-called "practices."  This argument fails before it even gets off the ground because the undisputed evidence shows that the Houslanger Firm did not violate the FDCPA in the Underlying Action.  Similarly, Plaintiff's "evidence" regarding the Houslanger Firm's purported conduct in other unrelated actions is irrelevant because it does not concern the facts underlying this action or have anything to do with Plaintiff.

---

[2] Like her Rule 56.1 Statement, Plaintiff's rambling Rule 56.1 Counter-Statement also violates the Rule's mandate to provide a "short and concise statement," and its inclusion of case law and argument goes beyond stating material facts, which also violates the Rule.

Plaintiff fails to overcome Defendants' showing that the purported "evidence" from other unrelated actions fails to prove – indeed, is not capable of proving – the alleged "practices" that Plaintiff ascribes to the Houslanger Firm.   The Court should disregard the Cherubin Decl. because Mr. Cherubin:  (1) has no personal knowledge about the facts underlying this case, (2) has no personal knowledge of the policies and procedures employed by the Houslanger Firm, and (3) at best, states general and conclusory opinions, all of which are contradicted by the Houslanger Decl., which is comprised of sworn testimony based on personal knowledge – namely his personal knowledge of the practices that the Houslanger Firm actually employs.  (*See* Houslanger Decl. at ¶¶16-27).  It is as if Plaintiff attempts to utilize the Cherubin Decl. as a form of quasi-expert opinion testimony to establish elements of her claims; this is an additional reason to reject the Cherubin Decl. because Plaintiff previously took the position that she does not rely on expert opinion in this case. (*See* ECF Docket No. 150).

The documents from other cases, *i.e.*, pleadings, affidavits and other documents filed in unrelated cases by unrelated parties asserting allegations regarding the unique facts from which those respective cases arose, is not capable of proving that the Houslanger Firm's conduct violated the relevant statutes in this action, or proving anything about the Houslanger Firm's conduct.  At best, these documents establish that unrelated parties in unrelated actions asserted *allegations*.  There is no evidence that a court adjudicated the allegations made in those unrelated cases, let alone determined that the Houslanger Firm engaged in the conduct alleged.  Thus, these documents do not prove, and are not capable of proving, anything that the Houslanger Firm did or did not do because, as a matter of law, "unproven, nonadjudicated allegations are not evidence." *See Bernstein v. Vil. of Wesley Hills*, 95 F. Supp.3d 547, 569 (S.D.N.Y. 2015).

Plaintiff argues that the affidavits submitted in the other cases are based on personal knowledge.  (*See* Opp. MOL at 25-26).  This argument misses the point because the personal

4

knowledge of those affiants goes no further than providing the basis for their *allegations* which, again, without being adjudicated, are not capable of proving the *truth* of the allegations, *i.e.*, that the Houslanger Firm engaged in the conduct alleged, upon which Plaintiff unsuccessfully attempts to prop up her flawed "pattern and practice" theories.

In sum, because there is no admissible evidence to prove the facts alleged in those unrelated cases, Plaintiff has presented no competent evidence capable of proving that the Houslanger Firm engaged in the conduct alleged.  And because there is no evidence to prove the alleged conduct upon which Plaintiff attempts to establish the Houslanger Firm's "practices," the material elements of the claims alleged in the Complaint fail as a matter of law.

## II.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THE COMPLAINT IS TIME-BARRED

There is no dispute that Plaintiff's claims arising from the 2005 filing of the Underlying Action, and obtaining the Default Judgment in 2006, are time-barred under the FDCPA's one-year statute of limitations (*see* Moving MOL, Point II.A), Section 349's three-year statute of limitations (*see id.*, Point III), and Section 487's six-year statute of limitations (*see id.*, Point IV).

Plaintiff fails to overcome Defendants' showing that there is no legal or factual basis to toll these limitations periods.  First, as a matter of settled Second Circuit law, Plaintiff cannot revive her time-barred claims arising from 2005-2006 acts by asserting claims based on 2018 acts that are not new and independent violations, but rather, are expressly alleged to have been made in furtherance of the time-barred acts.  (*See* Moving MOL, Point II.A).  But that is precisely how Plaintiff frames the Complaint by alleging that, in 2018, "the purpose of Defendants' conduct [was] to try to *retain* a fraudulently obtained judgment."  (*See* Opp. MOL at 12) (emphasis added); *id.* at 16, 17, 19 (same); *see also id.* at 19 (arguing that, in 2018, Defendants "*continued* to collect on the judgment they knew was fraudulently obtained [in

2006]) (emphasis added). Plaintiff committed an entire section of her moving papers to the argument that Defendants' 2018 conduct *ratified* the alleged conduct from 2005-2006. (*See* Plaintiff's Moving MOL, Point III.J) ("Defendants' attempt to retain the benefit of the fraudulently obtained judgment is ratification of the false affidavit of service")).

Plaintiff fails to rebut this dispositive argument on the merits. Instead, Plaintiff argues that the Court should disregard Defendants' argument because "*Plaintiff* did not assert [it]." (*See* Opp. MOL at 7 (emphasis added)). However, Plaintiff cannot dictate which defenses do and do not apply to the Complaint. Contrary to Plaintiff's contention that Defendants "attribute" to Plaintiff a continuing violation argument (*see id.*), Defendants simply assert a viable defense and affirmatively demonstrate, based on the allegations in the Complaint and the undisputed evidence, that settled Second Circuit law – which, again, Plaintiff completely ignores – compels the conclusion that Plaintiff's claims are time-barred.

Plaintiff also fails to show that her circular equitable tolling arguments raise an issue of fact. As demonstrated in the Moving MOL, there is no evidence to even suggest that Defendants fraudulently concealed "wrongful conduct" in the Underlying Action, as is necessary to trigger the rarely-applied and extraordinary remedy of equitable tolling. Plaintiff characterizes the affidavit of service as a "self-concealing falsehood," but this catch-phrase, no matter how many times Plaintiff repeats it, is no substitute for the significant evidence needed to establish equitable tolling based on fraudulent concealment. There is nothing about the affidavit of service (a public record), or any of the discrete acts in 2005 and 2006, that even tends to show that Defendants "wrongfully concealed material facts" related to purported wrongdoing.

Also missing are any applicable authorities to support Plaintiff's argument that the 2005 affidavit of service itself warrants equitable tolling. Instead, Plaintiff relies exclusively on decisions concerning motions to dismiss, which are wholly inapplicable because the standard of

review on motions to dismiss require the court to assume the allegations of wrongful concealment alleged in the complaint to be true.  (*See* Moving MOL at 9).

Plaintiff cites to testimony regarding her state of mind when she learned about the Income Execution and Underlying Action.  (*See* Opp. MOL at 8).  However, this testimony is irrelevant because Plaintiff's alleged state of mind has no bearing on whether Defendants "wrongfully concealed" facts relating to their "wrongdoing" in the Underlying Action.

Finally, in attempting to distinguish *Ellul v. Congregation of Christian Bros*., 774 F.3d 791 (2d Cir. 1999), Plaintiff focuses on the underlying facts, which misses the point because *Ellul* is applicable for its recitation of the stringent equitable tolling standard, which is not in dispute.  In any event, *Ellul* declined to apply equitable tolling.

For these reasons, the Court should dismiss the Complaint as untimely.

## III.     PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THE HOUSLANGER FIRM DID NOT PROLONG ADJUDICATION OF PLAINTIFF'S MOTION TO VACATE THE DEFAULT JUDGMENT

Defendants made their *prima facie* showing based upon the undisputed evidence showing that, in 2018:  (1) upon review of the facially valid Default Judgment entered by the Clerk of the Court in 2006, the Houslanger Firm issued the Income Execution; (2) when Plaintiff learned about the Income Execution, she filed the First OSC seeking to vacate the Default Judgment; (3) upon receipt of the First OSC, the Houslanger Firm stayed the Income Execution and timely opposed the First OSC because it was not supported with any evidence and because the presumably accurate sworn affidavit of service, corroborated by the Accurint for Collections database listing the New York Address at the time of service, indicated that service had been effectuated; (4) Plaintiff voluntarily withdrew her First OSC because it failed to attach any documentary evidence in support and, thus, was likely to be denied; (5) after consenting to Plaintiff's request to adjourn the First OSC and then receiving the Second OSC, which included

evidence supporting Plaintiff's defenses to the Underlying Action, and listening to Plaintiff articulate her position during a telephone call, the Houslanger Firm in good faith agreed that the Underlying Action should be discontinued; and (6) after Plaintiff rejected the Stipulation, the Houslanger Firm terminated the Income Execution and did not oppose the Second OSC, which was granted.  (*See* Moving MOL at 11-12 and evidence cited therein).

It cannot be disputed that Plaintiff's motion to vacate the Default Judgment was adjudicated in three months.   Under these circumstances, including the Houslanger Firm promptly staying the Income Execution, consenting to Plaintiff's adjournment of the First OSC to allow Plaintiff the opportunity to re-submit her motion with supporting evidence (the only adjournment), and then, after reviewing the evidence submitted with the Second OSC, promptly offering to agree to vacate the Default Judgment with mutual releases, terminating the Income Execution and not opposing the Second OSC, we respectfully submit that, under Section 1692f's stringent "shockingly unjust and unfair" standard, the Houslanger Firm did not unduly prolong Plaintiff's motion to vacate the Default Judgment as a matter of law.

Plaintiff repeatedly argues that she presented the Houslanger Firm with "irrefutable proof that the affidavit of service was fraudulent" and "documents showing that the judgment had been fraudulently obtained."  (*See* Opp. MOL at 4, 12, and *passim*).   Plaintiff then uses this false narrative to fit her arguments that the Houslanger Firm, notwithstanding this so-called "irrefutable proof," continued to wrongfully collect on the Default Judgment.   However, these arguments fail to raise an issue of fact because there is no "irrefutable proof that the affidavit of service was fraudulent."   Plaintiff alleges that she was not served, and eventually produced evidence supporting her defense that she was not served.   However, the Court in the Underlying Action never adjudicated whether the affidavit of service was "fraudulent," or even inaccurate; it merely granted Plaintiff's unopposed motion.   Thus, the Court should not credit Plaintiff's

8

exaggerated claim of "irrefutable proof." More importantly, it cannot be said that opposing the First OSC unduly prolonged Plaintiff's motion because the First OSC was not supported with any evidence. (*See* SOF at ¶13 and evidence cited therein). Indeed, as noted above, when the Houslanger Firm opposed the First OSC, the Accurint report listing the subject New York Address as a residence of Plaintiff at the time of service provided supporting evidence that service of the summons and complaint was properly effectuated. (*See id*. at ¶¶16-18 and evidence cited therein). Thus, if anything, *not* opposing the motion under the circumstances presented and the evidence then available would constitute a breach of the Houslanger Firm's ethical duties to perform as a zealous advocate on behalf of its client.

In contrast, when the Houslanger Firm received Plaintiff's proof, in good faith it immediately stopped collection efforts, reasonably attempted to resolve the Underlying Action, terminated the Income Execution and did not oppose the Second OSC, which was granted approximately five weeks after being submitted. (*See id*. at ¶¶24-33 and evidence cited therein). This undisputed evidence contradicts Plaintiff's claims that the Houslanger Firm attempted to collect on the Default Judgment despite possessing Plaintiff's evidence supporting her defenses.

Plaintiff argues that "telling Ms. Stinson that [Defendants] would reinstitute the income execution" unduly prolonged Plaintiff's motion to vacate the Default Judgment in a shockingly unjust and unfair way. (*See* Opp. MOL at 11). However, it is undisputed that, during the March 22, 2018 phone call, when Plaintiff was told that it was possible that the Income Execution could be reinstituted (*see* Plaintiff's Rule 56.1 Statement at ¶¶166-67), Plaintiff had not yet provided any evidence supporting her defenses. Thus, under the circumstances at the time of the referenced communication, it was reasonable and truthful to inform Plaintiff that, short of producing the type of evidence that Plaintiff ultimately produced, reinstituting the Income Execution was a possibility. Of course, it is undisputed that the Houslanger Firm stayed and

never reinstituted the Income Execution and, in fact, terminated the Income Execution a few days after receiving the Second OSC.  (*See* SOF at ¶29 and evidence cited therein).

Plaintiff argues that "telling Ms. Stinson that they would seek an adjournment to issue a subpoena" to obtain credit account statements unduly prolonged the motion.  (*See* Opp. MOL at 11).  However, the undisputed evidence shows that before receiving the evidence submitted with the Second OSC, it was reasonable and truthful to inform Plaintiff that it was possible that Defendants may subpoena records from Discover to obtain additional relevant information.

Plaintiff argues that "seeking an adjournment at the April 12, 2018 hearing" unduly prolonged Plaintiff's motion.  (*See id*.).  However, requesting an adjournment of the April 12, 2018 appearance when at which the Second OSC was submitted without opposition (*see* SOF at ¶¶31-32 and evidence cited therein), is of no moment because, in fact, the hearing was not adjourned (*see id*.).  Thus, as a matter of undisputed fact, even if an adjournment request was made, it did not prolong anything.

Plaintiff's argument that the Houslanger Firm "could have" used different language in the Stipulation also fails to raise an issue of fact.  Indeed, this Court has already determined that the language of the Stipulation, including the language highlighted by Plaintiff that allegedly "required consideration from Ms. Stinson of releasing any potential claims" (*see* Opp. MOL at 12), does not violate the FDCPA as a matter of law (*see* September 2020 Order).  There is no basis to conclude that the Houslanger Firm's one-time request that Plaintiff sign the Stipulation unduly prolonged adjudication of Plaintiff's motion to vacate the Default Judgment – particularly given that shortly after Plaintiff rejected the Stipulation, the Court granted Plaintiff's motion.

Plaintiff continues to make the same flawed arguments regarding *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. 2017).  However, as demonstrated in the Moving MOL, *Arias* does not support Plaintiff's Section 1692f claim.  If anything, *Arias*

10

illustrates that the Houslanger Firm's conduct does not rise to the level of "shockingly unjust and unfair."  Contrary to Plaintiff's argument, the Houslanger Firm's conduct is different because the defendant in *Arias* maintained an unsustainable position despite being repeatedly presented with evidence and law that contradicted their position, and then withdrew their claim only after the parties appeared at a hearing based on the same evidence that was already in its possession.

Here, the Houslanger Firm reasonably relied on a sworn affidavit of service, corroborated by an industry-standard database, and an entered judgment – documents presumed to be accurate as a matter of law – and when presented for the first time with evidence supporting Plaintiff's defenses, stayed the Income Execution, offered to settle, terminated the Income Execution and did not oppose the Second OSC, which was granted on the papers without a hearing.  The Houslanger Firm also is different from the defendant in *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014), because the defendant in that case disobeyed a court order.  And *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814 (6th Cir. 2012) does not help Plaintiff because the language upon which Plaintiff relies is *dicta* and, in any event, *Hemmingsen* affirmed dismissal of FDCPA claims based on allegations that the defendant law firm made misleading statements in documents filed in court.  *See id*. at 818-20.

For these reasons, the Court should dismiss the "unduly prolonged" FDCPA claim.

## IV.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT USE OF THE STIPULATION DOES NOT VIOLATE SECTION 1692F

In opposing Defendants' prior motion to dismiss the claims in the Complaint to the extent that they are based on using the Stipulation to obtain a release, Plaintiff argued that Defendants' conduct in connection with the Stipulation was "unfair" (conduct barred by Section 1692f), and that such conduct is "not mutually exclusive with conduct that is deceptive" (barred by Section 1692e).  (*See* ECF Docket No. 127, at 23).   This Court, in granting Defendants' motion,

11

considered and rejected Plaintiff's arguments, and held that "Houslanger's conduct with the letter and Stipulation does not give rise to a meritorious FDCPA claim." (*See* September 2020 Order at 9 *(see also id*. at 9-10 (holding the same with respect to the Section 349 and Section 487 claims)). Thus, all claims regarding the use of the Stipulation have been dismissed.

Even if the Court determines that some shred of a Section 1692f claim based on the use of the Stipulation has survived, Plaintiff fails to overcome the numerous grounds demonstrating that it should be dismissed here. (*See* Moving MOL, Point II.C.2). Where, as here, the allegedly violative conduct (here, using the Stipulation) is covered by another section of the statute (here, Section 1692e), a plaintiff does not have a viable Section 1692f claim by mere expedient of labeling the same conduct "unfair and unconscionable." Contrary to Plaintiff's strained argument, using the Stipulation to "[m]ask[ ] Defendants' intention to obtain a release of all potential claims" in exchange for vacating a default judgment, is not meaningfully distinct from using the Stipulation to "require[e] a consumer to release claims as a condition for vacating a default judgment." (*See* Opp. MOL at 15). Thus, the Section 1692f claim based on Defendants' alleged use of the Stipulation should be dismissed because the Section 1692e claim is based on the same alleged conduct.

Plaintiff argues that *Rosenberg v. Client Servs.*, 19-CV-6181, 2020 U.S. Dist. LEXIS 91432 (S.D.N.Y. May 26, 2020) and *De La Cruz v. Fin. Recovery Servs*., 17-CV-9931, 2019 U.S. Dist. LEXIS 55898 (S.D.N.Y. Mar. 28, 2019), cited in the Moving MOL for the rule that a Section 1692f claim cannot be based on the same conduct giving rise to and covered by another section of the statute, is contrary to *Arias*. (*See* Opp. MOL at 16). This is incorrect. In *De La Cruz* and *Rosenberg* (and numerous other decisions, before and after *Arias*), Section 1692f claims failed because they were based on the same conduct giving rise to other sections of the statute that provided a remedy for the conduct alleged. Here, Plaintiff alleges that the use of the

Stipulation violates Sections 1692e and 1692f.  Unlike here, in *Arias*, one category of conduct gave rise to the Section 1692e claim (making false statements in an affirmation), and a completely separate category of conduct gave rise to the Section 1692f claim (aggressively litigating a knowingly meritless position).  *See* 875 F.3d at 136, 138.

Furthermore, it cannot be said that the one-time request that Plaintiff sign the Stipulation, which the Court has already held is not deceptive as a matter of law, rises to the level of "shockingly unjust or unfair." *See De La Cruz*, 2019 U.S. Dist. LEXIS 55698, at *21 (dismissing Section 1692f claim because "if Defendant's collection letter is not 'misleading' within the meaning of Section 1692e, it is not 'unfair' or 'unconscionable' within the meaning of Section 1692") (citing *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)).

Plaintiff's reliance on *Bradley v. Selip & Stylianou, LLP*, 17-CV-6224, 2018 U.S. Dist. LEXIS 176768 (W.D.N.Y. Oct. 15, 2018) (cited in Opp. MOL at 17), is misplaced because (1) that decision addresses a motion for judgment on the pleadings, and thus the Court applied a standard assuming the allegations are true, (2) the statement cited by Plaintiff is *dicta* and addresses a Section 1692e claim, not a Section 1692f claim, and (3) the facts of that case – arising from the plaintiff's challenge of a letter from the defendant sent in response to the plaintiff's claim of identity theft – are distinguishable.

For these reasons, the Court should dismiss the Section 1692f claim based on the use of the Stipulation.

## V.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT THE FIRST OSC OPP. DID NOT VIOLATE THE FDCPA

Under the analogous decisions cited in the Moving MOL, the statements in the First OSC Opp. that, "upon information and belief," Plaintiff was served with process in the Underlying Action, and that the Underlying Action was "properly commenced," are not materially

13

misleading as a matter of law.  The statements are truthful because they state beliefs based on the presumptively accurate affidavit of service and the corroborating Accurint for Collection search results, and the facially valid Default Judgment entered by the Clerk of the Court.  (*See* SOF at ¶¶15-18 and evidence cited therein).

Plaintiff argues that it is "irrational and speculative" to reach the conclusion that Plaintiff could have been using the New York Address at the time of service based on the Accurint for Collection search results.  (*See* Opp. MOL at 19).  However, the search results undisputedly list the New York Address as a residence of Plaintiff at the time of service.  (*See* SOF at ¶17 and evidence cited therein).  In 2018, when the Houslanger Firm issued the Income Execution and received Plaintiff's unsupported First OSC, the affidavit of service and search results were the *only* evidence available regarding the 2005 service.  Thus, it was reasonable to conclude that Plaintiff was served as stated at the New York Address – there certainly was no evidence indicating that Plaintiff had not been served.

Plaintiff argues that *Kelsey v. Forster & Garbus, LLP*, 353 F. Supp.3d 223 (W.D.N.Y. 2019) is distinguishable because the plaintiff was represented by counsel.  However, it is far more important that the crux of the claims in *Kelsey*, and the crux of Plaintiff's claims here, are both that defendants allegedly obtained a default judgment by falsely stating in an affirmation that service had been effectuated.  Furthermore, Plaintiff does not even attempt to distinguish *Gabrielle v. Am. Home Mortg. Servicing*, 503 Fed. Appx. 89 (2d Cir. 2018) and *Lautman v. 2800 Coyle St. Owners Corp.*, 14-CV-1868, 2014 U.S. Dist. LEXIS 137454 (E.D.N.Y. Sept. 26, 2014) (cited in Moving MOL at 20-22), the other analogous cases that further demonstrate that the First OSC Opp. was not materially misleading.

Plaintiff argues that it was "distressful" to receive the Income Execution.  (*See* Opp. MOL at 20).  However, again, Plaintiff's state of mind in reacting to the Income Execution has

no bearing on whether the statements in the First OSC Opp. are materially misleading.  *See Gabrielle*, 503 Fed. Appx. at 94 (the "least sophisticated standard is an objective analysis").  If anything, given that Plaintiff reacted to debt collection activities by successfully seeking "redress through the court system[,] [i]mposing FDCPA liability is not necessary to serve the statute's purpose of protecting consumers."  *See Lautman*, 2014 U.S. Dist. LEXIS 137454 at *12.

Plaintiff continues to place all her eggs in the *Arias* basket despite that, as demonstrated in the Moving MOL and above, *Arias* is distinguishable.  Likewise, Plaintiff's reliance on *Baltazar v. Houslanger & Assocs., PLLC*, 16-CV-4982, 2018 U.S. Dist. LEXIS 139375 (E.D.N.Y. Aug. 16, 2018) and *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp.2d 636 (S.D.N.Y. 2013), is misplaced because those decisions address motions to dismiss.  Moreover, the language Plaintiff cites from *Baltazar* (*see* Opp. MOL at 19-20), is inapplicable because that portion of the decision addresses a claim that the plaintiff never received a notice of the assignment, an issue that is not presented here.

In the very least, the bona fide error defense applies because the evidence shows that the Houslanger Firm did not intend to prosecute a complaint that was not served and/or contained time-barred claims, and that the Houslanger Firm has in place procedures to ensure that service is effectuated and to prevent time-barred claims from being inadvertently prosecuted.  (*See* SOF at ¶¶34-57 and evidence cited therein).  In opposition, Plaintiff argues that there is "extensive documentary evidence that it was Defendants' procedures that systematically caused the violations" (*see* Opp. MOL at 22), but, tellingly, does not cite to any evidence in the record to support this conclusory statement.  Plaintiff does not have any competent evidence supporting her Houslanger Firm "practices and procedures" allegations.  Inasmuch as Plaintiff is referring to the opinions stated in the Cherubin Decl. and the documents from other unrelated cases stating

non-adjudicated allegations, for the reasons stated in Point I, *supra*, and in the Moving MOL, this evidence fails as a matter of law to prove the alleged "practices," or any conduct.

The evidence also contradicts Plaintiff's argument that Defendants "consistently perpetuated" the false statement in the affidavit of service, and thus the bona fide error defense should not apply. (*See* Opp. MOL at 22). As demonstrated above, the undisputed evidence proves that, upon receipt of Plaintiff's proof, the Houslanger Firm in good faith immediately stopped collection efforts, reasonably attempted to resolve the Underlying Action, terminated the Income Execution and did not oppose the Second OSC containing the supporting proof. (*See* SOF at ¶¶24-33 and evidence cited therein).

For these reasons, the Court should dismiss the claims based on the First OSC Opp.[3]

## VI.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING OF ENTITLEMENT TO DISMISSAL OF THE SECTION 349 CLAIM

In addition to the Section 349 claim being time-barred, Defendants are entitled to summary judgment dismissing the Section 349 claim because the evidence shows that (1) the Houslanger Firm did not commit any materially misleading conduct, and (2) the Houslanger Firm employs practices and procedures designed to avoid prosecuting time-barred claims, to ensure that service of process is effectuated, and to efficiently litigate all matters on a case-by-case basis (SOF ¶¶34-57), which negates Plaintiff's claim that the Houslanger Firm's "practices" establishes the element of "consumer-oriented" conduct. In addition, for the reasons stated in the Moving MOL and Point I, *supra*, Plaintiff's purported "evidence" of the Houslanger Firm's so-called "practices" (*see* Opp. MOL, Point III.E.(i)-(iv)), is insufficient.

---

[3] In the very least, because intent and whether the Houslanger Firm's practices were reasonably adapted to avoid the alleged violations require a fact-intensive inquiry, genuine issues of material fact preclude summary judgment.

Furthermore, Plaintiff's reliance on alleged conduct in twelve unrelated cases is woefully insufficient to establish a widespread "pattern" as a matter of law.  Indeed, in previously holding that establishing this type of widespread "pattern" requires a documented pattern of conduct "numbering in the thousands," this Court relied on the same decisions upon which Plaintiff erroneously relies for its flawed argument that the Houslanger Firm's so-called "practices" establish the "consumer-oriented" conduct element.  (*See* September 2020 Order at 9-10).[4]

Plaintiff's attempt to distinguish *Sheehy v. New Century Mtge. Corp.*, 690 F. Supp.2d 51 (E.D.N.Y. 2010) is not persuasive.  *Sheehy* holds that the fact that the defendant "frequently 'flipped' houses does not establish [the consumer-oriented] element without evidence that [the defendant] employed, in these other transactions, deceptive practices similar to the ones alleged here."  *Id*. at 75-76.  Here, too, the fact that the Houslanger Firm collects on judgments in other cases does not establish consumer-oriented conduct because there is no competent evidence that the Houslanger Firm employs, in other cases, practices similar to those alleged here – there is no competent evidence to prove the Houslanger Firm's conduct in any of the other cases at all. Thus, without such evidence, there is no basis to conclude that the Houslanger Firm engages in widespread deceptive conduct that impacts New York consumers at large.

For these reasons, the Court should dismiss the Section 349 claim.

## VII.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING OF ENTITLEMENT TO DISMISSAL OF THE SECTION 487 CLAIM

Plaintiff fails to overcome Defendants' showing that the Section 487 claim should be dismissed because (1) it is time-barred, (2) it must have been raised in the Underlying Action where the alleged deceit occurred and (3) there is no competent evidence to prove the alleged

---

[4] *See Mayfield v. Asta Funding, Inc*., 95 F. Supp.3d 685 (E.D.N.Y. 2015), *Diaz v. Portfolio Recovery Assocs., LLC*, 10-CV-3920, 2012 U.S. Dist. LEXIS 72724 (E.D.N.Y. May 23, 2012) and *Sykes v. Mel Harris & Assocs*., LLC, 757 F. Supp.2d 413 (S.D.N.Y. 2010), all of which involved allegations of widespread "patterns" to support FDCPA, Section 349 and Section 487 claims.

"practices" of the Houslanger Firm, which is contradicted by Defendants' evidence based on personal knowledge.  (*See* SOF at ¶¶34-57 and evidence cited therein).

Like the Section 349 claim, Plaintiff's reliance on allegations made in twelve unrelated cases is woefully insufficient to establish a widespread "pattern" for the purpose of establishing the type of intentionally egregious misconduct prohibited by Section 487.  (*See* September 2020 Order at 9-10).  For this same reason, there is no merit to, or evidentiary basis to support, Plaintiff's argument that the Houslanger Firm's conduct in the Underlying Action was part and parcel of a "larger fraudulent scheme."  Thus, the rule requiring Plaintiff to have raised the allegedly deceitful conduct in the Underlying Action applies and bars the Section 487 claim.[5]

For these reasons, the Court should dismiss the Section 487 claim.

## VIII.   PLAINTIFF FAILS TO OVERCOME DEFENDANTS' SHOWING THAT PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

Plaintiff argues that a jury should decide the amount of punitive damages.  (*See* Opp. MOL at 32-33).   However, this argument skips the step of determining whether the circumstances of this case give rise to punitive damages at all, which is a question of law that the Court should decide in Defendants' favor on this motion.  For the reasons stated herein, there is nothing about this case that warrants awarding the extraordinary remedy of punitive damages.

As to whether punitive damages under Section 349 should be capped at $1,000, Plaintiff merely recycles the same arguments that we previously showed are without merit.   We respectfully reiterate that the reasoning and holding of this Court's decision in *Koch v. Greenberg*, 14 F. Supp.3d 247 (S.D.N.Y. 2014) strongly weighs against awarding punitive damages in excess of $1,000 because the punitive damages awarded in *Koch* arose from a fraud claim, not a Section 349 claim, and because the Section 349 damages awarded in *Koch* were

---

[5] For the unopposed reasons stated in the Moving MOL, Point V, the Court should dismiss the conversion claim.

limited to $1,000 per violation, which is consistent with the New York Court of Appeals' decision in *Karlin* that Section 349 only provides for "limited punitive damages."

## IX.   PLAINTIFF FAILS TO OVERCOME DEMI'S SHOWING OF ENTITLEMENT TO SUMMARY JUDGMENT

For the reasons stated in the Moving MOL and herein, Demi is entitled to summary judgment.   In addition, Plaintiff fails to demonstrate that the principal purpose of Demi is to engage in debt collection.   The principal purpose of Demi is investing, and the purchase of the debt portfolio that contained Stinson's charged off account was only one of Demi's investments. (Ex. 7 at 33:11-14 (testifying that Demi is an "investor[ ]"; Ex. 21).   The Complaint merely alleges that Demi purchased charged off putative consumer debt to collect through debt collection law firms.   (*See* Ex. 1 at ¶12).   The Complaint does not aver, and Plaintiff fails to submit any evidence demonstrating, that the principal purpose of Demi is to collect debt. Contrary to Plaintiff's argument, the paragraphs of her Rule 56.1 Statement (¶¶11, 20, 25, 27, 35-38) make no mention of Demi's principal purpose whatsoever.

The Court should reject Plaintiff's mischaracterization of Blake's above-referenced testimony.   After clearly testifying that Demi is an investor corporation, Plaintiffs' attorney asked an improper and leading question suggesting that Demi's principal purpose is to purchase charged off consumer debt and then collect it in New York.   Blake answered yes,[6] and then went on to explain that his role with Demi is servicer.   Thus, Blake testified as to his role with Demi, not the nature of Demi's investments or Demi's primary purpose as a corporate entity.

There is no merit to Plaintiff's argument that Demi is taking a "second bite at the apple" because the Court denied Demi's motion for judgment on the pleadings.   The Court held that the Complaint's allegation "that Demi has the principal purpose of collecting debts [is] sufficient to

---

[6] The question asked by Plaintiff's attorney of Blake is improper because it is confusing, is a compound question, and it was objected to by Blake's attorney on grounds of lack of foundation.  (*See* Ex. 7 at 33:15-20).

19

survive a motion for judgment on the pleadings." (*See* September 2020 Order at 12).  Here, on summary judgment, however, the absence of evidence is fatal to Plaintiff's claims against Demi.

Plaintiff's reliance on *Page v. Foster & Garbus*, LLP, 18-CV-3611, 2019 U.S. Dist. LEXIS 101832 (E.D.N.Y. June 17, 2019), is misplaced because that decision addressed a motion to dismiss.  In denying the motion to dismiss on the grounds that certain of the defendants (creditors) were not "debt collectors," the Court determined that the plaintiff had sufficiently *pled* allegations showing that the moving defendants had an "active role in debt collection" (*see id*. at *16), but here, Plaintiff fails to submit *evidence* that Demi has an active role on debt collection.  Furthermore, the Court granted the portion of the defendants' motion to dismiss on the grounds of vicarious liability because the complaint failed to plead that the defendants controlled the activities of the agents who performed debt collection activities, and here, the evidence shows that Demi and the Houslanger Firm operated independently and that Demi did not control the Houslanger Firm.  (*See* Defendants' Rule 56.1 Counter-Statement at ¶38).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to for summary judgment.

Dated: New York, New York
      March 19, 2021

HOUSLANGER & ASSOCIATES, PLLC        ABRAMS GARFINKEL MARGOLIS BERGSON, LLP

By: ____/s Todd E. Houslanger_____        By: ____/s Robert J. Bergson_____
      Todd E. Houslanger, Esq.                Robert J. Bergson
372 New York Ave                1430 Broadway, 17th Floor
Huntington, NY 11743                New York, New York 10018
(631) 427-1140                Telephone: (212) 201-1175
*Attorneys for Defendant*                *Attorneys for Defendants Houslanger & Associates,*
*Demi LLC, d/b/a Demi of New York*                *PLLC, Todd E. Houslanger, Matthew Blake*
                 *and Bryan C. Bryks*

TO: All counsel of record via ECF