UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA STINSON,

                       Plaintiff,

-v-

HOUSLANGER & ASSOCIATES PLLC, *et al.*,

                       Defendants.

18-CV-11350 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Following the Court's September 28, 2021 Opinion and Order (Dkt. No. 186) granting summary judgment in part in favor of Defendants Houslanger & Associates PLLC, Todd Houslanger, DEMI, LLC, Matthew Blake, Harry Torres, and Bryan C. Bryks (collectively, "Defendants"), Plaintiff Barbara Stinson filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Dkt No. 187.) For the reasons that follow, Stinson's motion is denied.

**I.    Discussion**

The Court assumes familiarity with the factual background in this case as set forth in its previous opinion. *See Stinson v. Houslanger & Assocs., PLLC*, No. 18 Civ. 11350, 2021 WL 4443289, at *1–2 (S.D.N.Y. Sept. 28, 2021); *Stinson v. Houslanger & Assocs., PLLC*, No. 18 Civ. 11350, 2020 WL 5569582, at *1–2 (S.D.N.Y. Sept. 17, 2020). On September 28, 2021, this Court granted in part Defendants' motion for summary judgment. As relevant here, the Court concluded that punitive damages under New York's General Business Law ("GBL") § 349 were not warranted because "Stinson . . . provided no evidence that Defendants' conduct comes 'close to criminality.'" *Stinson*, 2021 WL 4443289, at *8. The Court also granted summary judgment in favor of Defendants as to Stinson's Judiciary Law § 487 claim because Stinson "provided no

evidence that Defendants intended to deceive the courts by the filing of time-barred lawsuits." *Id.* at *9.

Stinson now moves for reconsideration of the Court's Opinion and Order. (Dkt. No. 187.) A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (internal quotation marks omitted). It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). The rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court and to prevent the rule from being used as a substitute for appealing a final judgment." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D 115, 117 (S.D.N.Y. 2007) (cleaned up). It is therefore treated as an "extraordinary remed[y]" that is to be employed sparingly. *Fireman's Fund*, 10 F. Supp. 3d at 475.

Stinson argues that the Court erred in dismissing Stinson's claim for punitive damages under GBL § 349 and her claim under Judiciary Law § 487. (*See* Dkt. No. 188 at 5–20.) The Court addresses each argument in turn.

### A.     GBL § 349

Stinson contends that several alleged errors of law and fact were made by the Court. First, she contends that the Court erred in not applying a "wanton disregard" standard in evaluating whether punitive damages were available under § 349. (Dkt. No. 188 at 5–7.) But

2

Stinson cites only cases already cited in her opposition to Defendants' motion for summary judgment, and cases cited by the Court in its September 28, 2021 Opinion and Order, and fails to demonstrate how the Court overlooked controlling decisions in reaching its conclusion. Though Stinson may disagree with the Court's interpretation and analysis of the relevant case law as applied to this action, that is insufficient to meet the high standard for a Rule 59(e) motion.

Second, Stinson argues that the Court did not address Plaintiff's authority that punitive damages are an issue of fact reserved for the jury. (Dkt. No. 188 at 7–10.) Stinson already made this argument in her original briefing. (*See* Dkt. No. 181 at 33.) "[M]erely repeat[ing] the arguments [she] previously made" and that the Court "already considered and rejected," is not a basis for granting a motion for reconsideration. *Gomez v. City of New York*, No. 15 Civ. 7524, 2017 WL 6542495, at *2 (S.D.N.Y. Dec. 21, 2017); *see also Tavarez v. United States*, No. 96 Crim. 895, 2005 WL 1500865, at *1 (S.D.N.Y. June 23, 2005) ("Petitioner's instant application rehashes old arguments that were not overlooked and do not warrant reconsideration under Rule 59(e).").

Further, Plaintiff is incorrect in her statement that punitive damages are always a factual issue reserved for a jury. Indeed, as Defendants explain (Dkt. No. 191 at 8), the case that Stinson relies on in her motion for reconsideration for this proposition explicitly states that "[t]he trial court has the initial responsibility to determine whether punitive damages are recoverable in a particular case." *Doe v. Roe*, 190 A.D.2d 463, 475 (N.Y. 4th Dep't 1993). The Appellate Division then explained that "*[i]f* there is a reasonable basis for an award of punitive damages . . . whether such damages should be awarded and the amount of such award are issues for the jury." *Id.* (emphasis added). The Court properly made the initial determination that punitive damages were not recoverable in this case.

Third, Stinson contends that the Court erred in determining that the evidence she presented was insufficient to raise a triable issue of fact as to whether punitive damages were warranted under GBL § 349. (Dkt. No. 188 at 10–13.) But Stinson directed the Court's attention to this evidence in her original briefing, and the Court addressed much of this evidence throughout its Opinion and Order. (*See, e.g.*, Dkt. No. 186 at 8–14 (consideration of Stinson's evidence as to Defendants' practice of prolonging vacatur of the default judgment and using stipulations to dismiss suits); *id.* at 16 (noting that in 2005, Houslanger & Associates PLLC filed over 11,000 actions against alleged debtors).) Even though the Court did not expressly address this evidence in the punitive damages section, this does not mean that the Court "overlooked" any controlling facts. Rather, Stinson simply disagrees with the Court's conclusion that based on the record, punitive damages are not warranted as a matter of law. But she has not presented a "change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Fireman's Fund*, 10 F. Supp. 3d at 475, as is required under Rule 59(e).

  **B.**  **Judiciary Law § 487**

Stinson also contends that the Court erred in granting summary judgment in favor of Defendants on her Judiciary Law § 487 claim. She first argues that the Court misconstrued Houslanger's testimony that his firm applied the state of residency of the owner of the debt, not the residency of the original creditor, to determine the applicable limitations period. (Dkt. No. 188 at 14–15.) She also urges the Court to revisit several decisions cited in Stinson's original brief. (Dkt. No. 188 at 15–20.)

Again, however, Stinson "merely seeks to relitigate [issues] that [were] previously decided," *Hernandez v. Loans*, No. 16 Civ. 3755, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016), which is not an appropriate basis for granting a Rule 59(e) motion.

Having reviewed the parties' briefs, the record, and the relevant case law, the Court concludes that reconsideration is unwarranted.

## II.  Conclusion

For the foregoing reasons, Stinson's motion to reconsider the Court's September 28, Opinion and Order is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 187.

SO ORDERED.

Dated: April 20, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge